# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KAREEM OZIER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16CV548 HEA |
| MISSOURI COURT OF APPEALS FOR THE EASTERN DISTRICT, | ) ) ) ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $23, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff seeks a declaratory judgment ruling that the Missouri Court of Appeals' holding that habeas petitioners do not have a right to effective assistance of counsel in postconviction proceedings violates the Missouri Supreme Court Rules on professional ethics. *See Ozier v. Missouri*, No. ED75681 (Mo. Ct. App. June 25, 2014) (order denying relief to plaintiff). Plaintiff argues that the Rules of Professional Conduct require a lawyer to effectively represent their clients and that this expectation means habeas petitioners are entitled to effective assistance.

## Discussion

Section 1983 imposes liability on "state actors" who violate a person's constitutional rights. The Missouri Court of Appeals is not a "state actor." A suit against the Missouri Court of Appeals is, in effect, a suit against the State of Missouri. The State of Missouri, however, is absolutely immune from liability under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). Additionally, plaintiff has not stated a claim under the Constitution. Whether the appellate court's holding comports with the Rules of Professional Conduct is a matter of state law. As a result, the complaint is legally frivolous.

The complaint is also frivolous because this Court does not have subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme Court]." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).

Finally, this action is clearly an attempt to challenge petitioner's 1995 conviction for first degree murder. *See Ozier v. Luebbers*, No. 4:00CV1038 SNL (E.D. Mo.). The Court denied petitioner's § 2254 challenge to the conviction on May 31, 2001. Consequently, the Court certifies that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $23 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 20th day of April, 2016

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE